JOHN C. FRANKLIN, Collector, *vs.* WARWICK & COVENTRY WATER COMPANY,

PROVIDENCE—JUNE 4, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Taxes. Pleading and Practice. Form of Action.*

In an action for the recovery of a tax under a statute, an action of the case is the proper remedy.

(2)   *Taxes.   Pleading.   Evidence.*

In an action of the case to recover a tax the declaration alleged that the
defendant was the owner of ratable property of the value of $40,000, upon
which the tax was assessed :—

*Held,* that it was not necessary to describe the property in the declaration,
as that was a matter of evidence which could be shown in proving the
tax.

*Held,* further, that the objection that in assessing the tax separate parcels
were not separately valued and assessed could not be taken on demur-
rer, but should be properly offered in evidence.

(3)   *Taxes.   Pleading.*

Pub. Laws cap. 944 provided that "The town of West Greenwich by its
assessors in office," etc., is empowered to assess a tax.   The declaration
alleged that the tax was assessed by the assessors of taxes :—

*Held,* that the declaration conformed to the terms of the act.

TRESPASS ON THE CASE to recover a tax.   Heard on de-
murrers to declaration.   Demurrer to first count sustained,
and to second count overruled.

PER CURIAM.   The first count of the declaration is incom-
plete, and states no cause of action.   The demurrer is sus-
tained.

(1)   The first ground of demurrer to the second count is that,
the action being case, no action of the case is stated.

The action is for the recovery of a tax under a statute.   In
such cases an action of the case is the proper remedy.   *Al-
drich* v. *Howard,* 7 R. I. 199.   *Heeney* v. *Sprague,* 11 R. I.
456 and note.

(2)   Objection is made that the count does not "specify the
ratable estate upon which the tax was assessed."

The count sets out that the defendant was the owner of
ratable property of the value of $40,000, upon which the tax
was assessed.   It is not necessary that the property should
be described in the declaration.   That is a matter of evidence
which can be shown in proving the tax, and this is also true
of the objection that in assessing the tax the separate par-
cels were not separately valued and assessed as required by
statute.

(3)   The point is taken in the brief, though not alleged as a
ground of demurrer, that no case is stated, because the act

upon which the action is based, Pub. Laws cap. 944, empowered the town of West Greenwich to assess the tax, whereas the declaration shows that the tax was assessed by the assessors of taxes. The language of the act is : "The town of West Greenwich, by its assessors in office," etc. The declaration conforms to the terms of the act.

The demurrer to the second count is overruled.

*George T. Brown and Elmer J. Rathbun,* for plaintiff.
*John J. Arnold,* for defendant.